Bill A. Shirron, Executive Director Arkansas Teacher Retirement System #3 Capitol Mall Little Rock, AR 72201
Dear Mr. Shirron:
This is in response to your request for an opinion on three questions relating to the future use by the Teacher Retirement System of new computer hardware and software known as ImagePlus. You note that currently the Teacher Retirement System maintains manila file folders for every member of the system, with all the relevant paper documents placed in that file. Under the new computer system, all of the documents in these files will be electronically scanned into the computer and placed in optical storage. Additionally, all incoming mail from members will be scanned and put in the same storage. These documents can then be viewed on a visual screen or printed out in hard copy by the computer. You note that the new computer system will eliminate the need to maintain the manila file folders, and that the original paper documents can be destroyed when they are scanned into the system, or stored in offsite storage for some period of time.
You pose three questions relative to the facts above. Each will be restated and answered in the order posed.
Your first question is as follows:
 1. If the original paper documents are destroyed as they are scanned into the ImagePlus system, or later, will reproductions of optical image records be admissible as evidence in court?
The relevant portions of Arkansas law are found at Rules 1001, 1002, 1003, and 1004 of the Arkansas Rules of Evidence, and A.C.A.16-46-101(b)(2). We will first discuss the Arkansas Rules of Evidence. Rule 1001 contains definitions relevant to the Rules. Rule 1001 defines an "original" and a "duplicate" as follows: (3) Original. An `original' of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An `original' of a photograph includes the negative or any print therefrom. If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an `original.' (4) Duplicate. A `duplicate' is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques, which accurately reproduce the original.
It is my opinion that a computer hard copy produced by the ImagePlus system after the original has been scanned in and destroyed would be a "duplicate" under the rules. Although the definition of "original" refers to computer printouts, it is my opinion that this term refers to printouts of information stored in the first instance in a computer and then transformed into hard copy form, and not to actual documents which have been fed into the computer and then reproduced. The definition of "duplicate," in my opinion, is broad enough to include the computer reproduction produced by the ImagePlus system because it includes duplicates produced by "other equivalent techniques which accurately reproduce the original."
With the knowledge that these reproductions would be classified as "duplicates" under the Rules, we must now look to Rules 1002, 1003, and 1004, which govern the admissibility of "originals" and "duplicates." These rules provide respectively:
 Rule 1002. Requirement of original. — To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by (rules adopted by the Supreme Court of this State or by) statute.
 Rule 1003. Admissibility of duplicates. — A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original
 Rule 1004. Admissibility of other evidence of contents. — The original is not required, and other evidence of the contents of a writing, recording or photograph if admissible if:
 (1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith.
It is my opinion, under Rule 1004 above, that if all originals have been lost or destroyed, a duplicate is admissible to the same extent as an original. This provision applies unless the document has been destroyed in "bad faith." It may reasonably be concluded that the Teacher Retirement System, by systematically destroying original documents in order to store them in the more efficient ImagePlus system, would not be destroying original documents in "bad faith" as set out in Rule 1004 above. It is thus my opinion that documents which have been reproduced by the ImagePlus system after the entry and destruction of the original will be admissible in evidence to the same extent as an original under Rule 1004.
It is my opinion that a similar conclusion may be reached from a reading of A.C.A. 16-46-101(b)(1) and (2). That statute, which will be discussed at greater length in response to Question 3, provides that departments or agencies of government may re-record documents and destroy the originals unless their preservation is otherwise required by law. Subsection (2) of that statute provides that these reproductions, when satisfactorily identified, are as admissible into evidence as the original itself. Remember that the Arkansas Rules of Evidence require the original unless otherwise provided by the Rules or by STATUTE. Rule 1002. Thus, under either the Arkansas Rules of Evidence or the Arkansas Code, the computer reproductions of original documents produced by the ImagePlus system will, in my opinion, be admissible into evidence.* ___________. * Additionally, some of the reproductions of documents to which you refer may be admissible to the same extent as the original under A.C.A. 16-46-207 as "public contracts." ___________.
Your second question is as follows:
 If the answer to question #1 is yes, will it be necessary for specific legislation to be passed by the General Assembly to accept optical image records for legal purposes or can the applicable evidence rules be used?
It is my opinion, as stated in response to Question 1 above, that the current Arkansas Rules of Evidence and A.C.A. 16-46-101 would allow the introduction of these documents. The Arkansas Rules of Evidence cited above are essentially identical to the corresponding Federal Rules of Evidence. The Notes of the Advisory Committee on Rules, after Federal Rule of Evidence 1001, state that:
 Traditionally the rule requiring the original centered upon accumulations of data and expressions affecting legal relations set forth in words and figures. This meant that the rule was one essentially related to writings. Present day techniques have expanded methods of storing data, yet the essential form which the information ultimately assumes for usable purposes is words and figures. Hence the considerations underlying the rule dictate its expansion to include computers, photographic systems and other modern developments.
Additionally, the language of A.C.A. 16-46-101, which authorizes the destruction of the original and the admissibility of a document which was reproduced by a "process which accurately reproduced or forms a durable medium for so reproducing the original" is in my opinion broad enough to include reproduction made by the ImagePlus System.
Your third question is as follows:
 If the answer to question #1 is no, must the original paper documents be kept forever, or can they be destroyed after a certain period of time, and if so, what is the length of time they must be kept?
Although we have not responded in the negative to Question 1, it is incumbent upon me to point out several provisions of Arkansas law relevant to this question. In this regard, it should be noted that A.C.A. 16-46-101, cited earlier in response to Questions 1 and 2, provides in pertinent part as follows:
 (b)(1) If any business, institution, member of a profession or calling, or any department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law.
 (2) The reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not.
This statute gives the Teacher Retirement system, as an "agency of government," the authority to re-record documents and destroy the originals in the ordinary course of business "unless (their) preservation is required by law." This statute thus allows the Teacher Retirement System to destroy original documents once they have been scanned into the ImagePlus system.** It should be noted, however, that before this action is taken, it is advisable to consult with the Arkansas History Commission and the State Historian, who are charged with the duty to administer a State Public Records Management Program. See A.C.A. 13-4-105. Each agency official is charged under the statute with the duty to develop and implement a program for the management of the agency's records. The program is to be developed and implemented with the uniform standards and principles set forth by the Arkansas History Commission as guidelines. Accordingly, reference should be made to these standards before the Teacher Retirement System adopts any policies with respect to the destruction of documents.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham. ___________. ** Although the focus of your question surrounds the documents in each member's manila file folder, it should be noted that certain original documents concerning accounting and budgetary matters are not to be destroyed. See A.C.A. 19-4-1108.